IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION

JORGE CARNET-CASTRO, #15775-050                              PETITIONER

VERSUS
                              CIVIL ACTION NO.  5:12-cv-26-DCB-JMR

UNITED STATES OF AMERICA, et al.                            RESPONDENTS

                    MEMORANDUM OPINION AND ORDER

     Petitioner was an inmate at the Adams County Correctional Center, Washington, Mississippi, at the time he filed the instant habeas petition pursuant to 28 U.S.C. pursuant to 28 U.S.C. § 2241 on February 23, 2012.  Because the Petitioner filed an incomplete in forma pauperis application, an order [3] was entered on February 27, 2012, directing him to pay the required filing fee or file a completed in forma pauperis application on or before March 13, 2012. The Petitioner was warned in that order [3] that his failure to timely comply with the requirements of the order may result in the dismissal of his case.  The Petitioner failed to comply with that order [3].

     On May 1, 2012, an order [4] was entered directing the Petitioner to show cause on or before May 17, 2012, why this case should not be dismissed for his failure to comply with the Court's order [4] of February 27, 2012.  In addition, the Petitioner was directed to comply with the order [3] of February 27, 2012, on or before May 17, 2012.  The Petitioner was warned once again in the show cause order that his failure to timely comply with the requirements of the order could result in the

dismissal of his case without further notice.  The envelope [5] containing the order [4] was returned by the postal service on May 7, 2012, with a notation "Return to Sender - Refused - Unable to Forward."  Even though it has been over 30 days since the entry of the order to show cause [4], the Petitioner has not complied with the show cause order and he has not provided this Court with a current address.

The Petitioner has failed to comply with two Court orders and he has not communicated with this Court since he filed the instant petition on February 23, 2012.  Therefore, it is apparent from the Petitioner's failure to communicate with this Court and his failure to comply with the orders of the Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Link, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  Id. at 629-30.

Since the Respondent has never been called upon to respond to the Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice. See Munday/Elkins Automotive Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 18th day of June, 2012.

                                      s/David Bramlette
                                      UNITED STATES DISTRICT JUDGE