IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JORGE CARNET-CASTRO, #15775-050                          PETITIONER

VERSUS

                                    CIVIL ACTION NO.  5:12-cv-26-DCB-JMR

UNITED STATES OF AMERICA, et al.                         RESPONDENTS

MEMORANDUM OPINION AND ORDER

      Petitioner was an inmate at the Adams County Correctional
Center, Washington, Mississippi, at the time he filed the instant
habeas petition pursuant to 28 U.S.C. pursuant to 28 U.S.C.
§ 2241 on February 23, 2012.  Because the Petitioner filed an
incomplete in forma pauperis application, an order [3] was
entered on February 27, 2012, directing him to pay the required
filing fee or file a completed in forma pauperis application on
or before March 13, 2012. The Petitioner was warned in that order
[3] that his failure to timely comply with the requirements of
the order may result in the dismissal of his case.  The
Petitioner failed to comply with that order [3].

      On May 1, 2012, an order [4] was entered directing the
Petitioner to show cause on or before May 17, 2012, why this case
should not be dismissed for his failure to comply with the
Court's order [4] of February 27, 2012.  In addition, the
Petitioner was directed to comply with the order [3] of February
27, 2012, on or before May 17, 2012.  The Petitioner was warned
once again in the show cause order that his failure to timely
comply with the requirements of the order could result in the

dismissal of his case without further notice.  The envelope [5]
containing the order [4] was returned by the postal service on
May 7, 2012, with a notation "Return to Sender - Refused - Unable
to Forward."  Even though it has been over 30 days since the
entry of the order to show cause [4], the Petitioner has not
complied with the show cause order and he has not provided this
Court with a current address.

The Petitioner has failed to comply with two Court orders and
he has not communicated with this Court since he filed the
instant petition on February 23, 2012.  Therefore, it is apparent
from the Petitioner's failure to communicate with this Court and
his failure to comply with the orders of the Court that he lacks
interest in pursuing this claim.

This Court has the authority to dismiss an action for the
Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL
RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss
the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626
(1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough
v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be
able to clear its calendars of cases that remain dormant because
of the inaction or dilatoriness of the parties seeking relief, so
as to achieve the orderly and expeditious disposition of cases.
Link, 370 U.S. at 630.  Such a "sanction is necessary in order to
prevent undue delays in the disposition of pending cases and to
avoid congestion in the calendars" of the Court.  Id. at 629-30.

2

Since the Respondent has never been called upon to respond to the Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice. See <u>Munday/Elkins Automotive Partners, LTD. v. Smith</u>, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the <u>18th</u> day of June, 2012.

s/David Bramlette
UNITED STATES DISTRICT JUDGE